IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT -2 2009

GREGORY C. LANGHAM
                    CLERK

Civil Action No. 09-cv-01825-BNB

ROBERT SCHWARTZ,

    Applicant,

v.

ARISTEDES W. ZAVARES, Executive Director of the Colorado Department of
    Corrections,

    Respondent.

___

ORDER OF DISMISSAL

___

Applicant Robert Schwartz is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Colorado Territorial Correctional Facility in Cañon City, Colorado. Mr. Schwartz initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the execution of his prison sentence. On August 7, 2009, Magistrate Judge Boland ordered Respondent to file a Preliminary Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies if Respondent intends to raise either or both of those affirmative defenses in this action. On August 27, 2009, Respondent's Preliminary Response was filed in this action. On September 16, 2009, Mr. Schwartz filed a reply to the preliminary response.

The Court must construe the application and other papers filed by Mr. Schwartz liberally because he is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

However, the Court should not be an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action for failure to exhaust state remedies.

Mr. Schwartz asserts four claims challenging various denials of earned time credits. In total, Mr. Schwartz asserts that he is entitled to approximately 1,300 days of earned time credits that were denied or withheld by the DOC. Respondent argues that Mr. Schwartz failed to exhaust state remedies for any of his claims and that some of his claims also may be dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). The Court first will address the exhaustion argument.

Mr. Schwartz must exhaust state remedies before he may pursue his claims in a habeas corpus action in this Court. **See Montez v. McKinna**, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. **See Castille v. Peoples**, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." **Dever v. Kansas State Penitentiary**, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." **Hernandez v. Starbuck**, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. **See Miranda v. Cooper**, 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Schwartz does not allege that he has fairly presented his claims to the Colorado Supreme Court or that he has filed any action in any state court raising the

claims he is asserting in this action. He does argue, with respect to one of his claims, that no further exhaustion is required because the earned time credits in question were awarded by the sentencing court. The Court disagrees. Each of Mr. Schwartz' claims relates to the alleged withholding or denial of earned time credits by the DOC and it is the alleged unconstitutional actions of the DOC that must be fairly presented to the state courts in order to exhaust state remedies. The Court will dismiss this action for failure to exhaust because Mr. Schwartz makes no reasoned argument that demonstrates he has exhausted state remedies.

Respondents also argue that Mr. Schwartz' first three claims, and a portion of his fourth claim, are barred by the one-year limitation period. However, Mr. Schwartz contends that he was not aware of the factual basis for any of his claims until January 2009 and it is not clear whether he could have discovered the facts prior to that time. Therefore, the Court will not dismiss any of Mr. Schwartz' claims as time-barred. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust state remedies.

DATED at Denver, Colorado, this 2nd day of October, 2009.

BY THE COURT:

*Zita L. Weinshienk*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01852-BNB

Robert Schwartz
Prisoner No. 60801
Colorado Territorial Correctional Facility
P.O. Box 1010
Cañon City, CO 81215-1010

Nicole S. Gellar
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/2/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk